DEW v. THE BANK OF THE STATE OF ALABAMA.

1. A justice of the peace of one county is not authorized to issue an attachment returnable into another; and it is competent for a *garnishee* to avail himself of the irregularity in the attachment in an appellate court, though no objection had been made to it previous to the judgment below.

2. After a judgment by default against a garnishee, he must be served with a *scire facias*, or there must be some equivalent proceeding to authorize a final judgment.

Writ of Error to the Circuit Court of Pickens.

The defendant in error, by its attorney, caused an original attachment to be issued by a justice of the peace of the county of Greene, and made returnable to the Circuit Court of Pickens, against the estate of Benjamin H. Stribling. This process was placed in the hands of the sheriff of the former county, who returned that he had executed the same, by summoning the plaintiff in error and another person as garnishees, a judgment by default was rendered against the defendant in attachment, and also against the garnishees for their failure to appear, and answer as to their indebtedness, &c.; and a *scire facias* directed to issue to the garnishees, to show cause why the judgment *nisi* should not be made final. At the succeeding term a final judgment was rendered against the plaintiff in error, reciting the judgment *nisi* and that a *sci. fa.* had issued, but affirmed nothing as to its service, or return.

A. GRAHAM, (of Greene,) and HALE, for the plaintiff in error, made the following points—1. That the attachment being issued by a justice of the peace of Greene, and returnable to the court of another county, is a nullity, and all proceedings on it are merely void. 2. It does not appear that a *scire facias*, as directed by the judgment *nisi*, was ever served on the garnishee. They cited 4 Ala. Rep. 755; 1 Id. 48; 2 Id. 73; 3 Stew. Rep. 335.]

B. F. PORTER, for the defendant in error, admitted that according to Caldwell v. Meador, 4 Ala. Rep. 755, the attachment was issued irregularly, but insisted that the irregularity should be taken advantage of in the primary court. [7 Ala. Rep. 706.]

COLLIER, C. J.—In Caldwell v. Meador, 4 Ala. R. 755, it was decided that a justice of the peace has no authority, in virtue of our statutes, to issue an attachment returnable into the County or Circuit Court of any other county than that for which he is elected. That case was reaffirmed in Brooks & Lucas v. Goodwin, at the last term, where it was added, that although the irregularity was not insisted on in the primary court, it was available on error.

Loomis v. Allen, cited for the defendant in error, is unlike the present case in every respect. There was no controversy in that case as to the authority of the officer who issued the attachment, but the question was as to the sufficiency of the affidavit; and it was said, the objection should have been taken by plea in abatement, and was not available after judgment by default.

The attachment being void, it necessarily follows, that the garnishment, which is merely consequential, must fall with it.

But if the attachment was issued by a competent authority, the judgment against the garnishee would be erroneous, because it does not appear that he was served with a *scire facias*. Lowry et al. v. Clements, at this term, is conclusive upon this point.

The judgment of the Circuit Court is reversed.