## HOLLINGSWORTH & Co. *vs.* HAMMOND.

[ACTION COMMENCED BY ORIGINAL ATTACHMENT AND GARNISHMENT.]

1. *Garnishee's liability for interest.*—A garnishee, who interposes a dilatory plea, cannot raise the question of his liability for interest during the period intervening between the service of the garnishment and the rendition of final judgment.
2. *Interest incident to debt.*—Interest attaches as an incident to a debt or money demand, as contra-distinguished from mere damages for the breach of a contract, from the time of its maturity.
3. *Irregularities in proceedings against defendant in attachment not available to garnishee.* In an action against a non-resident partnership, commenced by original attachment and garnishment, the fact that the individual names of the partners composing the firm nowhere appear in the proceedings, is a mere irregularity, of which a garnishee cannot take advantage on error.

APPEAL from the Circuit Court of St. Clair.
Tried before the Hon. E. W. PETTUS.

THE proceedings in this case were instituted by original attachment, at the suit of Richmond Hammond, against Gibbs & McCord, and the summons of the appellants by process of garnishment. The attachment was sued out, on the ground of the defendants' non-residence, on the 3d November, 1852; and the garnishment was served on the same day. At the return term, as appears from the judgment entry, the court sustained a demurrer to a plea in abatement filed by the garnishees, held their answer insufficient, and required them to answer over at the next term; but neither the answer nor the plea in

abatement appears in the record. At the next term, as the judgment entry recites, the garnishees appeared, waived their plea and answer filed at the previous term, and answered on oath, in open court, that they were indebted to the defendants in attachment, at the time of the service of garnishment, in the sum of $321 50. At the same time, judgment by default was rendered against the defendants in attachment, and a writ of inquiry awarded, to be executed at the next term. At the next term, judgment final, on the verdict of a jury, for $975 91, was rendered against the defendants in attachment; and another judgment against the garnishees, for $321 50, together with the further sum of $47 68 interest thereon. The individual names of the partners composing the firm of Gibbs & McCord nowhere appear in the record. The rendition of the judgment against the garnishees is now assigned as error.

D. W. BAINE, for the appellants.

B. T. POPE, contra.

STONE, J.—If a garnishee, who simply answers admitting an indebtedness, and submitting to the jurisdiction of the court, can raise the question of his liability for interest while his debt is suspended by litigation, the principle will not aid the present appellants. They stand in no such defensible attitude. On the contrary, they interposed a dilatory plea, and opposed other obstacles to the plaintiff's recovery against them.

We think the doctrine must be regarded as settled in this State, that wherever a debt or money liability exists, as contradistinguished from mere damages for the breach of a contract, interest is recoverable as an incident to such debt, from the time of its maturity.—Kirkman v. Vanleer, 7 Ala. 217; Hudson v. Dailey, 13 Ala. 722; Moore v. Patton, Donegan & Co., 2 Por. 451; McWhorter v. Standifer, 2 Por. 519; Stoudenmeier v. Williamson, and authorities cited, 29 Ala. 558.

The irregularity in the attachment and declaration, cannot be taken advantage of by the garnishee.—Stebbins

v. Fitch, 1 Stew. 180 ; Thompson v. Allen, 4 Stew. & Por. 184 ; Smith v. Chapman, 6 Por. 365. That the defect in these proceedings is a mere irregularity, and does not render the recovery void, see Porter v. Cresson ,10 Serg. & R. 257 ; Murdock v. Herndon, 4 Hen. & Munf. 200 ; Pate v. Bacon & Co., 6 Munf. 219. We admit, that if the proceedings in the attachment suit were void, the garnishees could avail themselves of it.—Dew v. State Bank, 9 Ala. 323.

The judgment of the circuit court is affirmed.