# Park *et al. v.* Wiley.

### *Bill in Equity to Enforce Vendor's Lien on Land.*

1. *Interest; attaches from maturity of debt.*—Unless there is an agreement to the contrary, interest attaches as an incident to a debt, from the moment it is due.

2. *Same; what absolves debtor from payment of.*—A tender of the amount due, at the maturity of the debt, or a subsequent tender of that amount, including accrued interest, if not merely gratuitous, will absolve the debtor from future liability for interest.

3. *Tender, or agreement to waive interest, affirmative matter.*—A tender is an affirmative plea, both at law and in equity, and the burthen of proving it rests on the party pleading it, and the making of an agreement to absolve the debtor from the future payment of interest, is affirmative matter, and must be proven by the party relying on it.

4. *Same; how vendee absolved from payment of vendor being unable to make title*—If the vendee of lands offers to pay the purchase-money, at the time appointed, and the vendor is unable to make titles, and another day is appointed for that purpose, the vendee, to relieve himself from the payment of interest, must pay, or tender the money on that day.

5. *Same; same.*—If, in such a case, the vendor declines to receive the purchase-money because he is not able to make titles, the vendee will not be compelled to pay interest if the tender is kept open.

6. *Tender; how kept open.*—When a tender is relied on, the party making it must keep the money (though not the identical coin or notes, but money of a like kind) safely, so that he may produce it when required, and in this way the tender is kept open for the acceptance of the party whenever he shows a willingness to accept it.

7. *Same; when insufficient.*—When the evidence shows that the party making the tender borrowed the money to be used for that purpose, and immediately returned it to the lender, such a tender is insufficient, and will not absolve the party from the payment of interest.

8. *Same; money must be paid into court to support plea of.*—A plea of tender cannot be supported, unless accompanied by the payment of money into court.

APPEAL from Pike Chancery Court.

Heard before Hon. H. AUSTILL.

This was a bill in chancery, filed on the 17th day of April, 1880, by Glenn Park and others, as the heirs at law of R. H. Park, deceased, against Henry C. Wiley to enforce a vendor's lien on certain lands therein described. The bill alleged that on the first day of March, 1869, said R. H. Park sold said land to Henry C. Wiley, who, in consideration of such purchase, executed his promissory note for $400; that no deed had been made to the defendant, but that said Park had given his bond to make titles; that the defendant, Wiley, was in possession of the land, and had paid two hundred dollars on the purchase-money note—fifty dollars on

April 1, 1869, and one hundred and fifty dollars on January 5, 1870. The bill prayed that the amount due on the note might be ascertained and a lien declared on the land to that extent, and the land sold for its payment. The defendant answered the bill under oath, and stated that he had paid part of the purchase-money before it was due; that on the day fixed to make titles to him by the bond for title given him by said Park, he borrowed eighty-five dollars from W. C. Wood, and tendered to R. H. Park the whole amount of the purchase-money, and demanded the purchase-money note and a title to the land; that said Park took the money thus tendered him, counted it over, and handed back two hundred dollars of it, telling the defendant, Wiley, to keep it until he could ascertain whether he (Park) had made a mortgage on the land to one Siler, and instructed the defendant to endorse on the bond for titles the following words: "In consequence of not being able at this time to make title to the land described within, to H. C. Wiley, I hereby extend the terms and conditions of the within bond to the 12th of September, 1870. January 5, 1870. R. H. Park." The evidence showed that the money borrowed to make the tender was immediately returned to the lender. The answer also stated that "the respondent then told said Park (when he refused the tender,) that he, respondent, would not and could not be responsible for interest after that time, and that said Park agreed and assented to this. The Chancellor decreed that the respondent, Wiley, was not chargeable with interest on the note, and referred it to the register to ascertain the amount due on the note, excluding interest. The error assigned is the rendition of the decree, relieving the respondent, Wiley, from the payment of interest.

J. D. GARDNER, for appellants.

GRIFFIN & WOOD, for appellee.

BRICKELL, C. J.—As the case is now presented, there is but a single question for decision; the liability of the appellee for interest on the note given by him for the purchase-money of the lands. It is claimed that he is absolved from liability, because at the maturity of the note he made a tender of the amount due to the payee of the note, the ancestor of appellants, and that the money was in fact received, and returned to him under an agreement that he should retain it without interest, until it was ascertained whether there was an incumbrance on the premises, which must be removed before a good title could be made to the appellee. In this

State, interest attaches to a debt, as an incident from the moment it is due, unless there is some agreement to the contrary.—*Whitworth v. Hart*, 22 Ala. 343 ; *Cheek v. Waldrum*, 25 Ala. 152 ; *Hollingsworth v. Hammond*, 30 Ala. 668. A tender of the amount due at the maturity of a debt, or a tender subsequently of the amount including interest, will absolve the debtor from future liability for the payment of interest.—*Rudolph v. Wagner*, 36 Ala. 698. And an agreement waiving the future payment of interest, if not merely gratuitous, will relieve from liability.—*Kyp v. Bostick*, 18 Ala. 589 ; *Cox v. M. & Y. R. R. Co.* 37 Ala. 320.

A tender is an affirmative plea, whether interposed at law or in equity, the burthen of proving which, rests on the party pleading it. And the making of an agreement by the creditor, relieving the debtor from the payment of interest, a legal incident of the contract, is affirmative matter to be proved. The endorsement on the bond for title, shows no more than that the vendor was unable on the day of its date (a day subsequent to the maturity of the note for the payment of the purchase-money,) to make title, and that the time for making title was extended to the 12th September following. It is its own best expositor of the agreement between the parties, and bears no indication of a purpose on the part of vendor or vendee, to waive the payment of interest. If a vendee of lands offer to pay the purchase-money at the time appointed, and the vendor is then unable to make title, and another day is appointed for the making of title, it is incumbent on the vendee to pay, or tender on that day, if he would relieve himself from interest.—*Bass v. Gilliland*, 5 Ala. 761. Or, if the vendor should decline to receive the money, because of his inability to make title, it would be inequitable to compel the vendee to pay interest, if he kept the tender open, and continued in readiness to pay. In the present case, it is apparent the tender was not kept open, nor did the vendee continue in readiness to pay. A part of the money had been borrowed, and it was immediately returned to the tender, the vendee deriving benefit from its use. When a tender is relied upon, the duty resting on the party making it, is to keep the money safely, not the *identical* coin, or bank notes, but money of like kind, so that he may produce it when required. The tender is then kept open, ready for the acceptance of the other party, whenever he manifests a willingness to receive the money.—7 Wait's Actions & Def. 592. The facts shown in the record, are insufficient to show an agreement by which the appellee was relieved from the payment of interest, and they are insufficient to prove the plea of tender. The plea could not be

supported in any event, because it was unaccompanied by the payment of the money into court.—*Daughdrill v. Sweeny*, 41 Ala. 310; *McGuire v. VanPelt*, 55 Ala. 344.

Reversed and remanded.