# McCalley *v.* Otey.

*Bill in Equity for Redemption, and Injunction of Sale under Power in Mortgage.*

1. *Injunction of sale under power in mortgage.*—While a court of equity is reluctant to interfere with the legal rights of a mortgagee, it will enjoin a sale under the power in a mortgage, when it clearly appears that the collection of the debt would be against good conscience, and the execution of the power would work irreparable injury; or when the mortgagee is proceeding in an improper or oppressive manner, or is perverting the power from its legitimate purpose; as where, having refused repeated tenders, he files a bill to foreclose, dismisses it without prejudice when the cause is ready for hearing, and advertises the land for sale under the power in the mortgage, with the avowed purpose of compelling the payment of another claim, which is diputed.

2. *Same; averment of tender, and payment of money into court.*—When the bill seeks a redemption, and an injunction against a sale under a power in the mortgage, alleging a tender several times repeated and its refusal, with the words added, "which complainants are now ready and willing to pay him, and have been ready and willing to pay him ever since;" this shows a sufficient tender and readiness to pay, and the payment of the money into court is not essential to the equity of the bill; nor will the injunction be dissolved on account of the failure to pay the money into court, when no injury can result from it to the mortgagee, while irreparable injury might result to the mortgagor from a purchase by a stranger at a sale under the power.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. THOMAS COBBS.

[McCalley v. Otey.]

The bill in this case was filed on the 19th July, 1889, by Mrs. Octavia A. Otey and her children, against Charles S. McCalley and others; and sought (1) an injunction against a threatened sale of a tract of land under a power of sale contained in a mortgage, and (2) a redemption and account. The mortgage was dated August 16th, 1876, and was given by Mrs. Otey to secure the payment of money which she had borrowed from Miss Missouri Ford, who afterwards married W. J. McCalley; and having survived her husband, Mrs. McCalley devised and bequeathed all her property, including the mortgage and note, to Miss Martha T. Russell, who was also appointed and qualified as executrix. The money was borrowed at a usurious rate of interest, which was paid annually until about September 1st, 1884, when, a calculation being made between the parties with a view to a settlement, it was ascertained that the balance due was $1,480.76, and Miss Russell agreed to accept $1,200 in full satisfaction and discharge of the debt. Mrs. Otey then applied to Charles S. McCalley to advance this amount for her, taking an assignment of the mortgage to himself as security; and he agreed to do so. By the terms of this agreement, as consummated, and as shown by the letters which passed between him and Mrs. Otey, the latter agreed to pay him, annually, legal interest on $1,480.76 as the amount due, until January 1st, 1888; and he was then to surrender the mortgage to her, on payment of $1,200. The bill alleged the punctual payment of interest as stipulated, up to the 31st December, 1887; the tender on that day of $1,318.46, as the full amount due, principal and interest; the refusal of McCalley to accept it, though repeated two or three times; and added, "which complainants are now ready and willing to pay him, and have been ready and willing to pay him ever since December 31st, 1887, . . complainants now here offering to pay him whatever sum the court may consider him equitably entitled to."

In July, 1883, before the contract between Mrs. Otey and Charles S. McCalley was entered into, Mrs. Otey had conveyed the land by deed of gift, subject to the mortgage, to her children; and hence they were joined as complainants in the bill. Miss Russell was made a defendant, and also Geo. M. Harris, to whom, as the agent of Miss Missouri Ford, the note and mortgage were made payable. The special facts alleged, as ground for injunction against the threatened sale under the power in the mortgage, are stated in the opinion of the court.

A demurrer to the bill was filed by McCalley, assigning these grounds: (1) because complainants do not offer to do equity; (2) because they do not offer to pay the sum which they admit to be justly due; (3) because it does not show that

[McCalley v. Otey.]

defendants brought and paid into court the money alleged to have been tendered; (4) because it is not shown that the tender was kept good; (5) because it is not shown that, after said alleged tender, complainants kept the money on hand to pay defendant; (6) because the money tendered was not brought and paid into court. After the filing of this demurrer,. the complainants asked leave to amend their bill, by adding a paragragh in these words: "Complainants are now ready and willing to pay said McCalley said sum of $1,318.46, so tendered to him as aforesaid, and have been ready and willing to pay him said sum ever since said 31st December, 1887; and they now bring the same into court, and deposit with the register, to abide the order and decree of the court." The defendant. McCalley objected to the allowance of this amendment, but. the chancellor allowed it; and the cause being submitted at the same time on the demurrers to the bill, and on a motion to dissolve the injunction for want of equity in the bill, he overruled the demurrers and the motion. The defendant McCalley appeals, and assigns as error the allowance of the amendment, the overruling of the demurrers, and the refusal to dissolve the injunction on motion.

R. C. BRICKELL, for appellant.—(1.) A power of sale in a mortgage is a part of the contract security, intended to quicken the diligence of the debtor, and to afford a speedy and inexpensive remedy for foreclosure; and a court of equity will not interfere with the exercise of this power, unless the sale would be against good conscience, and would work irreparable mischief, as shown by clear and precise allegations.—2 Jones on Mortgages, §§ 1801-05; High on Injunctions, § 442; *Vaughan v. Marable*, 64 Ala. 60; *Sec. Loan Asso. v. Lake*, 69 Ala. 456; *Glover v. Hembree*, 82 Ala. 324. (2.) When the validity of the mortgage is not contested, but only the amount due is disputed, a payment or tender of the amount due must be alleged and proved.—*Daughdrill v. Sweeny*, 41 Ala. 310; 2 Jones Mort. § 1806; 1 High Injunc. § 443. (3.) The bill did not show a legal and sufficient tender, because it did not allege that the money was always kept ready to be delivered, and because the money was not paid into court. *Arrowsmith v. VanHarburger*, 1 N. J. Law, 29; *Shields v. Lozear*, 22 N. J. Eq. 447; *Taylor v. Reed*, 5 T. B. Monroe, 36; 61 N. Y. 317; *Ross v. Brown*, 1 Amer. Dec. 22; *Monaghan v. Moore*, 77 Amer. Dec. 468; 29 Amer. Rep. 37; 38 Amer. Rep. 361; 109 Ill. 487; 81 N. Y. 94; *Alexander v. Caldwell*, 61 Ala. 543; *Park v. Wiley*, 67 Ala. 310; *Frank v. Pickens*, 69 Ala. 369; 2 P. W. 378. (4.) The defect in the

[McCalley v. Otey.]

bill could not be cured by amendment introducing supplemental matter, which did not exist at the filing of the bill. Supplemental matter may be introduced by amendment, but it takes effect "from the allowance of the amendment," and can not impart equity to the bill, if the fact did not exist when the bill was filed.—*Tallassee Man. Co. v. Spigener*, 49 Ala. 262; *Insurance Co. v. Savings Bank*, 63 Ala. 585; *Land v. Cowan*, 19 Ala. 297; *Donaldson v. Waters*, 30 Ala. 176; *Hill v. Hill*, 10 Ala. 527.

WARD & BETTS, *contra*, cited *Eslava v. Crampton*, 61 Ala. 507; *Sec. Loan Asso. v. Lake*, 69 Ala. 456; *Rogers v. Torbut*, 58 Ala. 523; *McGuire v. VanPelt*, 55 Ala. 344; *Fields v. Helms*, 70 Ala. 460; *Struve v. Childs*, 63 Ala. 473.

CLOPTON, J.—The assignments of error go to the allowance of an amendment to the bill, the refusal to dissolve the injunction for the want of equity, and to overruling a demurrer to the bill. Omitting the averments not necessary to a proper understanding of the questions raised, the case made by the bill is : Martha T. Russell, being the owner and holder of a bond and mortgage executed August 16, 1876, by Octavia A. Otey, having ascertained, upon calculating interest on the amount originally borrowed, at eight per cent. *per annum*, and deducting payments, there was due September 1st, 1884, the sum of $1,480.76, agreed with Mrs. Otey to accept twelve hundred dollars in full payment. The defendant, McCalley, having been applied to by Mrs. Otey, advanced the amount for her, and took a transfer by delivering up the bond and mortgage, under an agreement that she should be allowed to discharge and satisfy the same by the payment of twelve hundred dollars on January 1, 1888, provided she paid the interest on the sum ascertained to be due by Mrs. Russell on the 1st day of January of each and every year, until January, 1888. Mrs. Otey paid the interest annually as agreed, and on December 31st, 1887, tendered McCalley the sum of $1,318.46, being the aggregate of the principal sum and the interest for 1887, agreed to be paid. Complainants seek by the bill the redemption of the mortgage, by compelling McCalley to accept the amount tendered in satisfaction thereof, and to restrain a sale of the land under power of sale contained in the mortgage.

While courts of equity are reluctant to interfere with the legal rights of a mortgagee, and exercise with care and caution the jurisdiction to restrain the execution of a power of sale in a mortgage; yet they will interfere to enjoin proceedings

[McCalley v. Otey.]

under the power, when it clearly appears that the collection of the debt would be against good conscience, and the execution of the power would work irreparable injury; or when the mortgagee is proceeding in an improper or oppressive manner, or is perverting the power from its legitimate purpose.—*Vaughn v. Marable,* 64 Ala. 60; *Glover v. Hembree,* 82 Ala. 324; High on Inj., § 442; 2 Jones on Mortg., §§ 1801-5. We do not understand from the bill that the tender of the amount due, and its refusal, are the only facts upon which the interference of the court by injunction is asked. If its averments be true, McCalley, in July, 1888, filed his bill in chancery, after the tender had been twice made, for the foreclosure of the mortgage and sale of the land; and after answers had been filed, and testimony taken, he dismissed the bill without prejudice, in March, 1889, and advertised the land for sale under the power in the mortgage, on July 22, 1889. Though he had the legal right to abandon one remedy and adopt another, such conduct naturally suggests the inquiry, why did he dismiss the bill, after electing to proceed in equity, when the case was ready for hearing, and the amount due upon the mortgage could have been speedily ascertained, and resort to the exercise of the power of sale, which would reasonably produce further litigation? The inquiry is answered by the allegations of the bill, that his purpose was to coerce the payment of another claim preferred against Mrs. Otey, on which suit was pending, her liability for which is denied, and that when the tender was made the second time, he expressed his determination not to accept it, unless such other claim was also paid.

In *Struve v. Childs,* 63 Ala. 473, the mortgagee proceeded to execute the power of sale, by collusion with third persons, in order to force the purchaser of the property, who bought subject to the mortgage, into a settlement or compromise of an alleged vendor's lien, to enforce which a suit was then pending. This was considered a perversion and oppressive use of the power, and it was ruled, that a court of equity would enjoin its execution until the termination of the vendor's suit. The tender by Mrs. Otey of the full amount due, the refusal to accept it, and the attempt to execute the power of sale, to accomplish an object foreign to the legitimate purposes for which it was given—to coerce the payment of a disputed and litigated claim, not in any wise connected with the mortgage—justify the interference of the court by injunction.—*Shields v. Lozear,* 22 N. J. 447.

The special grounds of demurrer, and the grounds on which the motion to dissolve the injunction for want of equity is

[McCalley v. Otey.]

based, are, that it is not shown by the bill that complainants kept the money continuously ready to pay the mortgagee, nor brought and paid the money into court. It is not contended in argument, that the amendment was improperly allowed; but it is insisted, that the fact set up by the amendment—that the money is brought into court, and deposited with the register, to abide the order and decree of the court —is a fact essential to the equity of the bill, and, occurring after it was filed, can not be introduced by amendment to supply a want of equity. The demurrer, and the motion to dissolve the injunction, raise the question of sufficiency of the offer to do equity made in the original bill.

In *Daughdrill v. Sweeney*, 41 Ala. 310, it was held, that a bill by a mortgagor, asking the redemption and cancellation of the mortgage, and the injunction of a sale under a power therein, upon the ground of tender of the amount due and its refusal, is without equity, unless followed, at the time of filing the bill, by a payment into court of the amount admitted to be due, and this is shown by an appropriate averment. It will be observed that the only ground for equitable interference by injunction in that case, was the fact that the amount of the mortgage debt had been tendered and refused. Its authority has been greatly shaken by departure from the principle so generally declared in subsequent cases, and it has been expressly overruled as to bills for ordinary redemption.—*McGuire v. Van Pelt*, 55 Ala. 344; *Carlin v. Jones*, 55 Ala. 624. It has never been extended to cases where the mortgagor was using the power to sell in an improper or oppressive manner, and to effect unauthorized and unlawful purposes of his own or of others.

In *Struve v. Childs, supra*, the injunction, which had been dissolved by the chancellor, was reinstated by this court, although the bill did not aver the payment of the money into court, and the only offer was to give such indemnity against possible loss or damage by stay of sale as to the court shall seem just and reasonable.

In *Sec. Loan Asso. v. Lake*, 69 Ala. 456, the offer in the bill by the mortgagor to redeem real estate, and to enjoin a sale under the power, was to pay the association whatever amount he was chargeable with, if any, upon the application of the terms of the by-laws, and to submit himself to the order and decree of the court. The bill averred the mortgagor had offered to pay the amount admitted to be due, but did not aver a tender, or that the money was brought into court. It was held insufficient, because it failed to show that the mortgagee was claiming more than was due, or that the accounts

[McCalley v. Otey.]

were complicated, and that he was making a fraudulent or oppressive use of the power of sale; but it was also held that the offer to do equity was sufficient to entitle complainant to relief, if his bill was otherwise sufficient.

In addition to the two tenders previously made, the original bill avers that, after the land was advertised for sale, the amount was again tendered to the mortgagee, and its acceptance refused, unless the other alleged claim was paid, and contains this clause: "Which complainants are now ready and willing to pay him, and have been ready and willing to pay him ever since December 31, 1887." It may be conceded, that in equity no less strictness is observed in keeping good and pleading a tender than in courts of law, and that at law the tender must be kept good, and, under the statute, the plea must be accompanied with the money brought into court. What is the conseqence, if the tender is not kept good, and the money is not brought into court on plea? A tender refused does not operate to discharge the debtor from the debt, but only releases him from the payment of the interest subsequently accruing; and to have this effect, the amount tendered must be in readiness to be paid at any time called for, and on plea must be followed by the payment of the money into court. It is not meant, however, that the identical money tendered must be kept; it is sufficient if the party holds himself ready to pay at all times.—*Shields v. Lozier, supra.* The averment of the bill is equivalent to an averment, that from the time of the first tender, to the filing of the bill, complainants held themselves ready to pay the amount tendered, whenever the mortgagee would accept it; and on the facts alleged, the payment of the money into court was not essential to the equity of the bill, as a bill for redemption, or to restrain the execution of the power of sale. It is material only as bearing on the question of costs and payment of the interest during the time intervening between the filing of the bill and the amendment.

The allegations of the bill, defendant not having filed an answer denying them, justified the court in retaining the injunction; no injury can result to the mortgagee, and complainants might suffer irreparable injuries if a sale under the power were permitted, and the property purchased by a stranger. *Dockery v. French,* 69 N. C. 308. This conclusion dispenses with the necessity of deciding whether the payment of the money into court is of the class of facts which, independent of the rule of practice allowing supplemental matter to be introduced by amendment, could have been introduced only by a supplemental bill, and therefore insufficient to impart equity to the original bill.

Affirmed.