(82 South. 420)

JONES et al. v. KELLY. (2 Div. 693.)

(Supreme Court of Alabama. June 26, 1919.)

1. CONSTITUTIONAL LAW ☞183 — REDEMPTION STATUTE—OBLIGATION OF CONTRACTS.

The amendment of Code 1907, § 5746, allowing redemption by the vendee or assignee of the statutory right as against right accrued against mortgage executed prior to the amendment, is not offensive to the constitutional provision, which forbids any law impairing the obligation of contracts.

2. APPEAL AND ERROR ☞1009(4)—CONCLUSIONS OF FACT—REVIEW.

Where conclusions of fact were reached in the trial court in an equitable action on evidence taken orally before the court, such conclusions will not be disturbed on appeal, unless, upon consideration of the whole record, the preponderance of the evidence against them is so decided as to clearly convince the court that the conclusions reached were unsound.

3. MORTGAGES ☞108—REDEMPTION—TIME.

Where, in lieu of foreclosure proceedings, mortgagors executed an instrument conveying land to the mortgagee, reserving the right to redeem within two years, the mortgagors had two years from the time the instrument was acknowledged and delivered; the deed taking effect from its execution and delivery.

4. EQUITY ☞286—PLEADING—AMENDMENT—TENDER.

In an action to quiet title, where defendant filed an answer and cross-bill September 12th,

it was within the discretion of the court to allow the defendant, on October 9th, next thereafter, to amend the cross-bill by averring a tender on a certain date and by bringing into court the amount so tendered.

5. INTEREST ⊂⊃50—TENDER.

Where a tender was wrongfully refused, the rights of the parties became fixed, and the further accrual of interest was stopped, in view of Code 1907, § 5750.

Appeal from Circuit Court, Hale County; B. M. Miller, Judge.

Bill by I. N. Jones and another against Pat Kelly, to quiet title to land. From the decree rendered, plaintiffs appeal. Affirmed.

The following is the deed from Lyles to Ruffin:

Know all men by these presents that, whereas, the undersigned Andrew Lyles is justly indebted to Tom Ruffin in the sum of eight hundred and eighty and 50/100 dollars ($880.50), which amount is due as unpaid purchase money for the lands hereinafter described, and which said amount is secured for the said Tom Ruffin by a certain mortgage executed by the said Andrew Lyles and his wife, Rachael Lyles, to the said Tom Ruffin bearing date Jan. 25, 1906, and which is recorded in the Mortgage records of Hale County, Alabama, in Book 68, at page 606; and whereas, the law day of said mortgage is long past due and the said Andrew Lyles is unable to pay the amount due as aforesaid, and is desirous of avoiding the annoyance and mortification and expense of a foreclosure of said mortgage by said Ruffin, and in order to thus avoid foreclosure of said mortgage by said Ruffin, and in order to thus avoid foreclosure is willing to pay $11.50 for the making and executing of this conveyance to said Tom Ruffin: Now therefore for and in consideration of the premises and in lieu of a foreclosure of said mortgage, and for the further consideration of the sum of one dollar in hand paid to the said Andrew Lyles by the said Tom Ruffin, the receipt whereof is hereby acknowledged, the said Andrew Lyles and his wife, Rachael Lyles, do hereby grant, bargain, sell, convey unto the said Tom Ruffin the following described lands in Hale county, Alabama and which are the identical lands conveyed in the mortgage above mentioned by the said Lyles to Tom Ruffin, to wit: The south half of the northeast quarter of section 17, township 19, range 4 east. To have and to hold the above-described land unto the said Tom Ruffin, his heirs and assigns forever, together with all and singular the tenements, hereditaments and appurtenances thereunto appertaining or belonging, but with the following conditions and reservations that the said Andrew Lyles shall have for the period of two years from this date the same right of redemption in said lands as if the same had been sold on this date at a foreclosure sale under the power contained in said mortgage and the said Tom Ruffin had bought the same in at the said sale for the sum of eight hundred and ninety-two dollars which is the amount now due on said mortgage as aforesaid, together with the eleven dollars and fifty cents for making and execut-

ing this conveyance which has been paid by said Ruffin for said Lyles. That is to say that said Andrew Lyles may redeem said lands within two years from the date hereof by paying the said amount of eight hundred and ninety-two dollars, together with interest and all lawful charges as is provided for in chapter 133, Code of Alabama 1907, covering the redemption of real estate after the foreclosure of a mortgage thereon.

Witness our hand and seal this the 21st day of February, 1916.

(Properly signed, witnessed, and acknowledged.)

Thomas E. Knight, of Greensboro, for appellants.

Edward de Graffenried, of Tuscaloosa, for appellee.

SAYRE, J. On a day in February, 1916, Andrew Lyles, his wife joining, executed and delivered to Tom Ruffin the instrument of conveyance which is shown in the report of the case. Complainants, appellants, now claim the land therein described by deed from Ruffin of date January 30, 1918. Defendant, appellee, claims the right to redeem under a conveyance from Lyles and wife dated February 22, 1918. This last conveyance recites that:

"It is the true intent and meaning of this conveyance to convey to said Pat Kelly all our rights, title and interests in the said lands, and especially our statutory rights of redemption therein."

July 23, 1918, appellants filed their bill against appellee to quiet their title. Appellee made his answer a cross-bill seeking to redeem under the terms of the instrument stated first above, averring that on February 22, 1918, he had made a proper tender to appellants as grantees and assignees of Ruffin under said instrument.

[1] In the brief for appellants it is urged that the amendment of the redemption statute—which appears for the first time in section 5746 of the Code of 1907—allowing redemption to the vendee or assignee of the statutory right, as against rights accruing under mortgages executed prior to the amendment, is offensive to the constitutional provision which forbids any law impairing the obligation of contracts, and therefore cannot be availed of by appellee. It was so held in Howard v. Bugbee, 24 How. 461, 16 L. Ed. 753, Lehman, Durr & Co. v. Moore, 93 Ala. 186, 9 South. 590, and Jones v. Matkins, 118 Ala. 341, 24 South. 242. But those cases have been overruled. Cowley v. Shields, 180 Ala. 48, 60 South. 267. The cross-bill offers to pay to appellants every dollar the mortgagee, would have been entitled to receive had the statute not been changed. Therefore it cut off no existing right of the mortgagee, and besides the bill in this cause seeks to enforce a contract right.

[2, 3] The trial court found that appellee offered to redeem on February 22, 1918, and on that day tendered the amount then necessary to redeem under the statute, and, of consequence, the amount necessary to redeem under the reservation of the instrument to which we referred in the outset of this opinion. But that instrument in its conclusion purported to have been signed and sealed on February 21, 1916, one day more than two years before the tender, and on this appellants contend that the contract right to redeem secured by the instrument had been lost by the lapse of time. However, the instrument was acknowledged on February 23, 1916, and the trial court held that, though the deed was drawn and dated by an attorney for the parties on February 21st, it was executed, acknowledged, and delivered on the 23d of the month, and that it was the intention of the parties when the deed was so executed, acknowledged, and delivered that the grantor should have two years from that date within which to redeem on the terms prescribed by the statute. The deed spoke, and so far as it created contract rights between the parties purported to speak, from the date of its execution and delivery. From that date appellee's contract rights began to run. These conclusions of fact were reached in the trial court upon evidence taken orally before the court, and cannot be disturbed by this court unless, upon consideration of the whole record, the preponderance of the evidence against them is so decided as to clearly convince the court that the conclusions reached were unsound. Such is not the case; on the contrary, the court is of opinion that the conclusions reached by the trial court were correct. It results that the tender made was sufficient in amount, and made within the time allowed by the contract.

[4, 5] Appellee did not pay the amount of his tender into court when he filed his answer and cross-bill, September 12, 1918; but on October 9th next thereafter he was allowed to amend his answer and cross-bill by averring the tender of February 22, 1918, and by bringing into court the full amount so tendered. Appellants say that, in order to keep the tender good, appellee should have brought his money into court at the very instant he filed his cross-bill, and that, in any event, the tender of October 9th should have included interest at 8 per centum from February 22, 1918. Neither contention can be sustained. Defendant's amendment and payment into court having been offered prior to decree, it was within the discretion of the court to allow the same upon such terms as may have seemed just and equitable. Fuller v. Varnum, 147 Ala. 336, 41 South. 777. The judgment of the court is that error cannot be predicated of the action of the court in this cause. Nor was it necessary that appellee should pay into court interest alleged to have accrued since the tender of February 22d. The tender of that date, the same having been wrongfully refused, fixed the right of the parties, and stopped the further accrual of interest. Walker v. Ball, 39 Ala. 298; Parmer v. Parmer, 74 Ala. 285; Code, § 5750.

Affirmed.

MAYFIELD, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.