.(117 So. 8)

### DERBY v. BELL. (2 Div. 931.)

Supreme Court of Alabama. May 17, 1928.

**1. Tender ⬤�帀22—Plea of tender must aver previous tender, and that defendant "now brings the money into court" (Code 1923, § 9532, form 39).**

Plea of tender under Code 1923, § 9532, form 39, must aver the fact of the previous tender of the amount due, and that the defendant "now brings the money into court."

**2. Tender ⬤⟆28—Defendant, asserting tender under general issue, was required to prove that money was brought into court (Code 1923, § 9532, form 39).**

Defendant, who abandoned pleas of tender by pleading general issue with leave to give defensive matter in evidence, was required, under Code 1923, § 9532, form 39, to show by evidence that money had been paid into court.

**3. Tender ⬤⟆24—Necessity of keeping tender good and paying money into court is not avoided by repetition of tender nor by persistence in its refusal (Code 1923, § 9532, form 39).**

Neither the repetition of the tender nor the persistence in its refusal obviates the necessity of a plea of tender in the form prescribed by the statute, Code 1923, § 9532, form 39, nor excuses payment of money into court, and tender must be kept good.

Certiorari to Court of Appeals.

Action by John R. Bell against F. I. Derby on a promissory note. Judgment for plaintiff was affirmed by the Court of Appeals (117 So. 7), and defendant applies for certiorari. Writ denied.

Thos. F. Seale, of Livingston, for appellant.

If the instrument is by its terms payable at a special place, and the maker is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment on his part. Code 1923, § 9096;

Moore v. Altom, 196 Ala. 158, 71 So. 681. If he had funds at the appointed place at the time, he will, in suit, be exonerated for payment of all damages and cost. Clark v. Moses, 50 Ala. 326; K. C. M. & B. v. Cobb, 100 Ala. 228, 13 So. 938. His offer to pay being refused, actual tender was dispensed with. Root v. Johnson, 99 Ala. 90, 10 So. 293; Odum v. Rutledge, 94 Ala. 488, 10 So. 222. If defendant did all in his power to pay the debt, and plaintiff refused to take it, he was not required to pay the actual money in court. Gayle Motor Co. v. Gray-Acree Motor Co., 206 Ala. 586, 90 So. 334. If the money should have been paid into court, and if the plea was insufficient, the irregularity should have been taken advantage of by demurrer, and plaintiff waived it by neglecting to demur and taking issue on the plea of tender. 38 Cyc. 170, 173; McCalley v. Otey, 90 Ala. 302, 8 So. 157.

Patton & Patton, of Carrollton, for appellee.

Presentment at the place of payment was not a condition precedent to fixing liability of the maker. Connerly v. Planters Ins. Co., 66 Ala. 432; Rudulph v. Brewer, 96 Ala. 189, 11 So. 314. Nonpresentment is only available to the maker in case of damage, which he must plead and prove. Clark v. Moses, 50 Ala. 326. If the maker is ready to pay at the time and place of payment, he must plead it as a tender in bar of damages, and bring the money into court. It must be shown that defendant had kept the money ready at all times, and brings it into court. Wallace v. McConnell, 13 Pet. 136, 10 L. Ed. 95; K. C. M. & B. v. Cobb, 100 Ala. 228, 13 So. 938; Irvine v. Withers, 1 Stew. 234; Park v. Wiley, 67 Ala. 310; Frank v. Pickens, 69 Ala. 369; Comm. F. I. Co. v. Allen, 80 Ala. 571, 1 So. 202; Lyons v. Jacoway, 205 Ala. 456, 88 So. 599; Saunders v. McDonough, 210 Ala. 208, 97 So. 622.

SOMERVILLE, J. The judgment record shows that the defendant abandoned certain pleas of tender previously filed by pleading in open court the general issue, with leave to give in evidence any matter that would be a defense, if previously pleaded.

[1, 2] A plea of tender, under our statute, must aver the fact of the previous tender of the amount due, and that the defendant "now brings the money into court." Code, § 9532, form 39. And, to be availing, the evidence must show that the money has been paid into court as averred. Commercial Fire Ins. Co. v. Allen, 80 Ala. 571, 579, 1 So. 202. This requirement is equally binding whether the plea of tender is specific or whether the tender is to be availed of under a general plea in short by consent.

[3] Neither the repetition of the tender nor persistence in its refusal obviates the necessity of a plea of tender in the form prescribed by the statute, nor excuses the payment of the money into court.

The necessity and mode of keeping a tender good have been declared and explained in numerous cases. Alexander v. Caldwell, 61 Ala. 543; Park v. Wiley, 67 Ala. 310; Frank v. Pickens, 69 Ala. 369; Caldwell v. Smith, 77 Ala. 157; Maxwell v. Moore, 95 Ala. 166, 10 So. 444, 36 Am. St. Rep. 190; McCalley v. Otey, 99 Ala. 584, 12 So. 406, 42 Am. St. Rep. 87; Saunders v. McDonough, 210 Ala. 208, 211, 97 So. 622; W. O. W. v. Maynor, 206 Ala. 176, 178, 89 So. 750; 26 R. C. L. 646, § 27.

None of the cases cited by counsel for petitioner is in conflict with the cases cited above. While they affirm the exoneration of the debtor from damages and costs by virtue of his seasonable tender of the amount due (as in Clark v. Moses, 50 Ala. 326), they do not change, and did not intend to change, the rules of pleading in tender cases.

The judgment of the Court of Appeals is free from error, and the writ of certiorari will be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.