42 So.2d 463

### CAMBRON et ux. v. CAMBRON.
### 7 Div. 996.

Supreme Court of Alabama.
Oct. 20, 1949.

648

---

Roberts & Cunningham, of Gadsden, for appellants.

L. B. Rainey, of Gadsden, for appellee.

LAWSON, Justice.

This is a bill by Charles Cambron against his brother Herbert and the latter's wife, Grace, to foreclose a mortgage and to have the proceeds derived from the sale of the mortgaged premises used to pay the mortgage debt, the costs of foreclosure, attorney's fees, and the sum of $200, with interest, loaned by complainant to respondents several months after the mortgage was executed.

The respondents, on or about May 1, 1947, procured a loan from complainant of $1,000 at the rate of 4% per annum, and executed to complainant a note for $1,040, due May 1, 1948, secured by a mortgage on their home. On August 1, 1947, complainant loaned his brother Herbert the further sum of $200.

The note was not paid when it became due on May 1, 1948, and this suit was instituted by complainant on June 2, 1948.

The answer of the respondents admitted the averments of the bill as to the original loan, but denied that there was any agreement to the effect that the mortgage on their home was security for the payment of the $200 loan made on August 1, 1947. It was averred in the answer that "shortly after the 1st of May, 1948, the defendant, Grace Cambron, offered and tendered the full amount due, together with interest, under the mortgage for $1,000.00 set out in paragraph 1 of the bill of complaint, which plaintiff refused." The answer further alleged that respondents "are willing to do equity and tender the full amount due under the said mortgage into Court at this time."

Under the pleadings the only issues in the case were whether the $200 loan made on August 1, 1947, was secured by the mortgage previously executed to secure the $1,000 loan and whether, in view of the

alleged tender, the respondents should be compelled to pay attorney's fees and be taxed with the costs of the proceedings.

The trial court decreed that the complainant was entitled to the relief prayed for except as to the $200 loan, which was held not to be secured by the mortgage. The decree provided that unless the respondents paid into the hands of the register the sum of $1169.15, with interest, within sixty days from the date of the decree, then the register should proceed to foreclose the mortgage. It appears in the decree that the said sum of $1169.15 includes an attorney's fee of ten per cent. The parties seem to consider that the costs of the proceedings below were also included in said sum.

In their appeal to this court, the respondents challenge the correctness of the decree of the trial court only in so far as it requires them to pay attorney's fees and court costs.

The note provides for a reasonable fee for collection by an attorney. The mortgage provides for a ten per cent attorney's fee for foreclosure under the powers of sale contained in the mortgage or by proceedings in equity.

Appellants strenuously insist that they should not be compelled to pay attorney's fees or be taxed with court costs in this proceeding in that prior to the time this bill was filed they had tendered to the complainant all that was due on the original indebtedness.

 The evidence is in sharp conflict as to whether the respondents tendered to the complainant the amount due on the original indebtedness, including interest, prior to the time the complainant put the case into the hands of his attorney. But even if it be assumed that the tender was made at the time and in the manner as testified to by witnesses for the respondents, the fact remains that there is no evidence tending to show that the tender was kept good. In Kinney et al. v. Pollak et al., 223 Ala. 654, 137 So. 669, 672, an equity proceeding, it was said: "Form No. 39, section 9532, Code [Code 1940, Tit. 7, § 233] does not require a statement that the tender has been kept good during the time intervening between the date it was made and the date of the plea. But, though this allegation is not required, proof of it is necessary."

True, in their answer respondents averred that they were willing to do equity and "tender the full amount due under the said mortgage into Court at this time." The amount which they contended to be due at the time of the alleged tender was paid into court before the decree was rendered in this case. But the burden was upon the respondents to show that the tender was kept good between the time the tender was alleged to have been made and the day when the money was paid into court. The burden to make this proof was upon the respondents. McCalley v. Otey, 99 Ala. 584, 12 So. 406, 42 Am.St.Rep. 87.

The decree of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.