[Albritton v. Lott-Blackshear Com. Co.]

# Albritton v. Lott-Blackshear Com. Co.

### Bill to Foreclose Mortgage, for Accounting and Receiver.

(Decided November 26, 1912.　60 South. 148.)

1. *Usury; Pleading.*—To be available as a defense usury must be specially pleaded, and the facts constituting it distinctly set forth, including a statement of the amount of the usurious interest charged or taken, and evidence to establish usury is not admissible under the general issue; where plaintiff's pleading shows on its face that the contract is usurious, the question may be raised by demurrer.

2. *Appeal and Error; Harmless Error; Order of Sale.*—Where chattels were finally restored to a defendant in a foreclosure proceeding, he was not prejudiced by a decree authorizing the sale of such chattels.

3. *Same; Dismissal of Cross Bill.*—Where an accounting as to every possible matter was ordered under the original bill, any error in dismissing a cross bill and in not decreeing an accounting thereunder, and in failing to provide for redemption, was harmless, since the statutory right to redeem was unimpaired.

4. *Mortgages; Foreclosure; Cross Bill; Right to Relief.*—In a bill to foreclose a mortgage the defendant filing a cross bill cannot complain of the dismissal of his cross bill and the failure to provide for redemption, where he offered to redeem only on condition of the allowance of a set off or recoupment which was denied.

APPEAL from Wilcox Chancery Court.

Heard before Hon. THOS. H. SMITH.

Bill by the Lott-Blackshear Commission Company against Geo. L. Albritton to foreclose certain mortgages with cross bill by the defendant. From a decree granting relief under the original bill, ordering an accounting, and dismissing his cross bill respondent appeals. Affirmed.

PARTRIDGE & HOBBS, N. D. GODBOLD and R. T. ERVIN, for appellant. It is insisted first that the contract of December 3rd, 1908, contained in it the additional provision contended for by appellant and that the agent

of appellee had authority to bind it by agreeing to said provision and second that the notice provided for in the contract was never given, the contract remained in full force and the mortgages were not subject to foreclosure until the contract was terminated, and therefore that the bill was prematurely filed.—61 Pac. 666; 49 N. E., 492; 53 Atl. 49; 57 Atl., 722; 58 Atl., 171; 19 La., 100; 41 N. H., 154. The claim for damages for breaches of this contract are amply sustained by the evidence— *Southern Granite Co. v. Wadsworth,* 115 Ala. 507. The appellee must be treated as a mortgagee in possession and charged accordingly.—*Green v. Sneed,* 101 Ala. 205. The court should have included the question of the amount of damages in the reference and directed a credit therefor.—*American F. L. M. Co. v. Pollard,* 132 Ala. 155. The appellant sufficiently pleaded and proved the defense of usury.—54 Am. St. Rep. 288; 2 Root, 37; 181 ed., 336; *Brown v. Harrison,* 17 Ala. 774; *Twilley v. Lyons,* 18 Ala. 552; *Uhlfelder v. Cobb,* 64 Ala. 527; *Woolscy v. Jones,* 84 Ala. 92; *Meyer v. Cook,* 85 Ala. 417; Section 4623, Code 1907. The dismissal of the cross bill was error.—46 Ala. 619; 78 Ala. 250; 92 Ala. 282. Set-offs and recoupments are available in reduction of the mortgage debt.—*Hooper v. Armstrong,* 69 Ala. 343; *A. F. L. M. Co. v. Pollard, supra; Perdue v. Brooks,* 85 Ala. 459.

STEVENS, LYONS & GREEN, for appellee. The appointment of the receiver was affirmed by this court on a former appeal.—167 Ala. 541. The sufficiency of the bill was fully passed upon in that same appeal. The statutory right of redemption was not impaired by anything that was done. The defense of usury was not sufficiently pleaded to be available. Counsel discuss the evidence and insist that it supported the findings of the chancellor.

MAYFIELD, J.—The original bill was filed by the appellee to foreclose three separate mortgages upon a certain Black Belt plantation, and incidentally sought the appointment of a receiver and an accounting. The respondent, appellant here, filed a cross-bill, seeking a redemption and an accounting, and seeking to establish a set-off by way of recoupment, as damages, on account of breaches of an agreement as to the management and control of the plantation during the year 1909. If there could be said to have been any doubt about the equity of the bill, or about the right or propriety of the appointment of a receiver, these questions were settled on the former appeal of this case (167 Ala. 541, 52 South. 653), in which the facts are set forth fully as they appeared on that appeal. After the first appeal, which was from interlocutory decrees sustaining the equity of the bill and appointing a receiver, a great deal of testimony was taken, and the cause was submitted on the pleadings and the proof for final decree. The decree granted the relief sought in the original bill, ordering an accounting, and dismissed the cross-bill. The account, or a part thereof was agreed upon, subject to certain objections and conditions therein specified but unnecessary to mention.

The question most insisted upon and strenuously litigated in the court below was whether or not a certain written contract as to the operation of the plantation for the year 1909, which was made an exhibit to the bill and was the foundation for appellant's set-off and recoupment, contained a number of provisions, as to interlineations, which did not then appear on the face of the written document; the contention of the appellant being that these interlineations had been erased, and that the contract or agreement as it now appears is not in fact or in law the true agreement, that what is pro-

duced and claimed by appellee to be the agreement is not the true agreement, but at best is only a copy of the original, without the interlined conditions claimed by appellant, or, if it be the original, then that the interlined conditions have been erased since it was executed.

A vast amount of proof was taken on this issue, and to show breaches of the agreement, and damages claimed to have been suffered by appellant on account of the bad management and poor husbandry of the farm, on the part of appellee, for the year 1909. The chancellor found against the contention of the appellant, as to the contract's having contained such interlined conditions, and as to the damages suffered by him in consequence of the breaches of this agreement by appellee. The record has been carefully examined here, and it seems to have been so examined by the chancellor; and we concur in all his findings. We think the chancellor has correctly epitomized the facts as to this matter as follows: "However satisfied defendant may have felt that he had these additoinal articles of agreement interlined in the agreement, the evidence fails to establish that this was ever put into the original contract or consented to by complainant. It is impossible that so many interlineations could have been written into this original contract and have been erased without leaving some evidence. An examination of the original paper will demonstrate this. It may have been intended by the defendant, but in my opinion it was never consummated."

The second ground of contention, in importance, in the lower court and renewed here, is the question of usury.

It is an ancient and well-established rule of pleading and practice, alike in courts of law and of equity, that the defense of usury, to be availing, must be specially

pleaded, and that in such pleading the pleader must distinctly set forth the facts constituting it, and must not only allege the elements of the contract which constitute usury, and thus violate the law, but must also show the amount of the usurious interest charged or taken. As the defense must be specially pleaded, it of course follows that evidence is not admissible or relevant to establish it under the general issue. See 4 Mayf. Dig. p. 1553, where our decisions on the subject are collected.

An apparent exception to this rule is that, if the pleading of the usurer shows on its face that the contract he is attempting to enforce is usurious, then the question may be raised by demurrer, because then any other special pleading is unnecessary to inform the usurer wherein his contract is not enforceable on account of usurious interest. Such exception is not, however, applicable to this case.

Applying these principles to this record, we agree with the chancellor that appellant failed in this aspect of his defense.

Many of the assignments of error insisted upon depend entirely for foundation upon one or both of these two fundamental questions: (1) The interlined conditions in the contract, and (2) usury—both of which being decided against appellant, these many assignments, having no base upon which to stand, must also fall.

It appears that in stating the amount as to the operations, under the contract in question, for the year 1909, all interest and commissions which might have been allowed appellee were eliminated, thus giving the appellant all he could claim on account of usury which had not been stated and agreed upon before the bill was filed.

[Albritton v. Lott-Blackshear Com. Co.]

No possible injury could have resulted to appellant, on account of the decree of February 4, 1910, which is made the basis of the first assignment of error. This decree authorized the sale of a pair of mules and a wagon, which were finally restored to appellant, and were not sold or otherwise disposed of by the appellee. These were ultimately, under the orders of the court, delivered by the receiver to appellant.

If it could be said that the court erred in dismissing the cross-bill, and in not decreeing an accounting thereunder, and in failing to provide for redemption thereunder, it would be clearly without injury for the reason that an accounting as to every possible matter was ordered under the original bill, rendering an accounting under the cross-bill useless.

We have likewise found that the accounting is correct in so far as it was not agreed upon, and that appellant was not entitled to any set-off or recoupment, on account of the interlined conditions in the contract, and had not made good his defense of usury; so the amount found due is the same that it would have been had the accounting been under the cross-bill. No possible injury resulted or can result, as for denying the accounting under the cross-bill.

The amount due under the mortgages, and that necessary to redeem, being ascertained, the appellant has a perfect right to redeem within the time and in the manner provided in the statute. The applicant can therefore redeem as well without his cross-bill as he could with it; but a more conclusive answer to this insistence of appellee as to his right to redeem is that his allegations of ability or intention to redeem were conditioned upon the allowance of his set-offs and recoupments, all of which were disallowed. So he could in no aspect

[Jackson, et al. v. Putman, et al.]

have been entitled to redeem under his cross-bill, but he may now redeem if he so desires.

While it appears that the amount necessary to redeem is far in excess of the value of the mortgaged premises, yet the appellant has the right to redeem if he desires, and is not prevented from so redeeming; but, as we have above shown, he could not have been specifically awarded this relief in his cross-bill, because he never sought it, but offered to redeem only upon condition that his set-off or recoupment was allowed—and the same was denied.

We have carefully examined every disputed question of law and of fact involved on this appeal (and they are many and much disputed), and have reached the conclusion that the chancellor was correct in his ruling as to the law, and as to his finding of the facts. It would serve no good purpose to discuss these points separately, nor to assign our reasons for concurrence in the chancellor's rulings thereon. Suffice it to say that the decree of the chancellor, in our opinion, settles all the equities involved in this suit, and settles them correctly so far as this appellant is concerned. If any errors there be, they are in his favor.

Affirmed. All the Justices concur.