# Miller v. Graham.

Bill for an Accounting, and to Enforce an Equity of Redemption.

(Decided May 11, 1916. 72 South. 87.)

1. Usury; Contract; Obligation.—The limit of a debtor's obligation under a usurious contract is the payment of the principal under § 4623, Code 1907.

2. Same; Definition.—The taking of a greater compensation than the law allows for the use of money is usury.

3. Same; Loan Broker; Compensation.—An agreed compensation to a loan broker for his services in procuring a loan does not affect the loan with usury.

4. **Same; Pleading.**—A pleading asserting usury as the basis of relief in equity or as a defense otherwise, must state the amount of the usurious interest, as well as the facts out of which the illegal exaction was made, or under which it was paid.

5. **Same.**—Where the bill was for equitable relief against a usurious mortgage, and alleged the principal to be the net amount received by complainant, and not that amount plus the broker's commission, the bill was not subject to demurrer on that specific ground, the complainant having fully submitted to the jurisdiction of the court, and unreservedly offered to pay whatever sum the court adjudged as her obligation.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Bill by Mrs. Samuella J. Miller against Mrs. Ella M. Graham, to declare a mortgage on real estate usurious, to have an accounting, and to enforce the mortgagor's equity of redemption. From a decree sustaining demurrer to the bill complainant appeals. Reversed and remanded.

RICHARD B. KELLY, for appellant. HENRY UPSON SIMS, for appellee.

MCCLELLAN, J.—This is an appeal from a decree sustaining a demurrer to appellant's bill. The bill's purpose is to have a debt, secured by mortgage on real estate, declared usurious, to effect an accounting, and to enforce the mortgagor's equity of redemption. The indebtedness recited in the mortgage and secured by the mortgage is $2,000. The averments of the bill set forth, as of fact, these material matters: That complainant employed A. L. Jemison to negotiate a loan for her, in the sum stated, on mortgage on her real estate; that, if Jemison secured for her this loan, it was agreed that he should be paid by her a compensation for the service of 5 per cent., viz., $100; that a note for $2,000 and mortgage to secure were made to Jemison; that the money loaned was not the money of Jemison, but he was acting for another lender; that Jemison informed oratrix's authorized representative "that it would also be necessary for her to pay interest in advance on said loan at the rate of 16 per cent."; that respondent (appellee) is now the owner of the debt and of the mortgage securing it; that "in making the said loan as aforesaid A. L. Jemison was acting for and on behalf of said Ella M. Graham, and that she knew or was informed that said Jemison was retaining 16 per cent. per annum interest on said

[Miller v. Graham.]

loan; and that the total sum received by her in consequence of the loan was $1,580, Jemison retaining the remainder, viz., $420. The bill avers that the sum thus received is the entire principal of the loan, and that the two sums of $100 and $320, or 16 per cent., represent usury from which she should be relieved. The complainant submits herself unqualifiedly to the jurisdiction of the court, and invokes the court's powers and processes to ascertain the amount she is due on the mortgage debt, offering to pay whatever is thus ascertained to be her obligation in the premises.

(1-3) Where a contract is affected with usurgy, the principal sum is the limit of the obligation to pay.—Code, § 4623; Bar-clift v. Fields, 145 Ala. 264, 41 South. 84. Since usury, generally speaking, is the taking of more for the use of money than the laws allow (Darden v. Schuessler, 154 Ala. 372, 377, 45 South. 130), and since the agreed compensation of 5 per cent. to Jemison for his services to complainant in securing the loan was not a sum deducted as for usurious interest on the loan (Woolsey v. Jones, 84 Ala. 88, 4 South. 190; Darden v. Schuessler, supra), it is manifest that the retention of the $100 by Jemison under his agreement with complainant cannot be regarded as a usurious exaction with respect to this mortgage debt.

The original demurrer contained three grounds; but, the brief for appellee says, only the first ground was urged on the hearing below, the other two being waived by appellee's solicitor on that hearing. The single ground remaining, and on which the decree may rest, is this: "(1) That said bill of complaint shows that the plaintiff employed the broker Alan Jemison at a compensation of $100 to obtain a loan for her, and that she consented that he deduct $100 from the money received on oratrix's note for $2,000; and yet in said bill oratrix fails to include said $100 paid Jemison as a portion of the admitted principal of said loan which she offers to pay."

It is to be noted that this ground of demurrer complains of the bill's averments in respect of the principal, not the specification of the amount of the usurious interest. As appears from what has been said, the $100 deducted and retained by Jemison was not interest, and not usury. Not being interest, there could be, on the facts averred, no sound reason for tolling the principal by that amount, in addition to the usurious exaction of 8 per cent. also deducted and retained.

[Miller v. Graham.]

(4) In constructing a sufficient pleading asserting usury as the basis for relief in equity or as a defense otherwise, it is necessary to state the amount thereof charged or taken, as well as the facts out of which the illegal exaction was made or under which it was paid.—*Albritton v. Lott,* 180 Ala. 33, 36, 37, 60 South. 148; *Munter v. Linn,* 61 Ala. 492, 497; *Duckworth v. Duckworth,* 35 Ala. 70, 74; 22 Ency. Pl. & Pr. p. 472. But, even if the $100 mentioned in the demurrer is eliminated as constituting a part of the usury alleged to have been exacted and retained, the bill still carries the averment that a usurious exaction of 8 per cent. was made by the agent acting for and on behalf of the respondent.

(5) The averments of the bill, when read in the light of the rule of law before restated, distinctly show that the sum mentioned in the demurrer was not interest, was not usury. According to the obvious effect of the averments of the bill, that sum ($100) constituted a part of the principal. So the bill was in error in asserting that the aggregate of the principal was $1,580, instead of $1,680. But the full submission of complainant to the jurisdiction of the court in the premises and her unrestricted offer to pay whatever sum the court ascertained to be her obligation denuded that error in the amount of the principal of any possible effect prejudicial to the respondent. If the demurrer had pointed the objection that the bill's averments misaverred the amount of the usury charged a different question would have been presented. The court erred in sustaining the single ground of demurrer not waived on the hearing. The consideration here is, of course, restricted to the single question raised by the ground of demurrer above quoted.

The decree is reversed. The cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.