SINGER, Appellant, vs. MILLARD, Respondent.

*May 7—June 1, 1920.*

*Guaranty: Conditional sale of stock of goods: Election of remedy by seller: Release of guarantor.*

Where plaintiff entered into an agreement with a third person to sell conditionally a stock of merchandise for $3,200, to be paid $100 in two weeks and the remainder in equal instalments of $200 each month, and defendant guaranteed payment of the first five instalments of $200 each, plaintiff could not recover from defendant, where, after payment of the first $200 instalment, the buyer abandoned the property and plaintiff rescinded the contract, took possession of the merchandise and sold it in regular course, and in every way treated the property as his own. *Wiedenbeck-Dobelin Co. v. Anderson,* 168 Wis. 212, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Guaranty. January 7, 1919, the plaintiff entered into a written agreement with one Frank E. Cook, whereby the plaintiff agreed to sell to Cook a stock of merchandise, implements, furniture, and fixtures for $3,200, to be paid $100 in two weeks, the remaining $3,100 to be paid in even and equal instalments of $200 on the 22d day of each month until the full purchase price with interest should be paid. The defendant executed the following guaranty:

"For value received and in consideration of one dollar to me in hand paid, receipt whereof is hereby confessed and acknowledged, I hereby guarantee the payment of the first five instalments of $200 each on the contract executed this day between *John Singer* and Frank Cook to the said *John Singer.*"

Cook made the first payment of $200 which became due February 22, 1919, but defaulted on the second payment, due March 22d. The contract by which the plaintiff agreed to sell the property to Cook was a conditional sales contract. Cook abandoned the property on the 4th day of March, in the forenoon. In the afternoon of that day the plaintiff

took possession of the restaurant and all the property covered by the conditional sales contract, and continued to conduct the business the same as when he entered into the contract with Cook, sold the merchandise in regular course, and in every way treated the property as his own.

The case was tried in the civil court of Milwaukee county. The trial court concluded that, by taking possession of the property in the manner that he did, the plaintiff rescinded and canceled the conditional sales contract, and thereby discharged the defendant's obligation on his contract of guaranty.    On appeal to the circuit court the circuit judge affirmed the decision of the civil court, and from the judgment of the circuit court the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Alexander & Burke* of Milwaukee, and for the respondent on that of *Raymond J. Cannon,* attorney, and *Bernard V. Brady,* of counsel, both of Milwaukee.

ROSENBERRY, J. The plaintiff contends that under *Wiedenbeck-Dobelin Co. v. Anderson,* 168 Wis. 212, 169 N. W. 615, and *Defiance M. Works v. Gill,* 170 Wis. 477, 175 N. W. 940, the plaintiff's remedies were cumulative, and that he therefore had a right to pursue either or both, and that his conduct in taking possession of the property after the default of Cook did not amount to a rescission of the contract.

In the *Wiedenbeck-Dobelin Case* the vendor, under the conditional contract of sale, brought suit upon the notes, thereby affirming the contract.    It then proceeded to satisfy its claim out of the property covered by the contract.    This did not constitute a rescission, and distinguishes that case and other cases cited from the present case.    The plaintiff in this case did not assert his right to satisfy the unpaid purchase price out of the property, but took possession of the entire property, treating it as his own, and in addition to that sought to enforce payment of the purchase price.    These

remedies are inconsistent.  Taking possession of the property and selling it and applying the proceeds upon the indebtedness is one thing.  Taking possession of the property and treating it as one's own and as if the contract had never existed, is quite another thing.  *Tufts v. Brace,* 103 Wis. 341, 79 N. W. 414.  See, also, note in L. R. A. 1916A, 915.

*By the Court.*—Judgment affirmed.