(89 South. 168)

JEFFERSON v. SAWYER. (3 Div. 481.)

(Supreme Court of Alabama. April 21, 1921. Rehearing Denied May 19, 1921.)

1. Sales ⬥⟿479(1)—Seller repossessing conditionally sold goods waives right to sue for price.

A conditional seller, by asserting his right to repossess the property, thereby abandons his right to sue for the purchase price.

2. Sales ⬥⟿479(11)—Repossession may be authorized by purchaser under circumstances continuing liability for purchase price.

A conditional seller and buyer, by subsequent contract or agreement, may suspend the operation of the rule that seller's repossession of the property waives his right to sue for the purchase price, by authorizing repossession for purposes not inconsistent with the buyer's continuing liability for the purchase price, as by authorizing seller to retake the property and sell it and apply the proceeds upon the purchase price.

3. Sales ⬥⟿479(10)—Retaking presumptively waiver of right to sue for purchase price.

Presumptively the retaking of conditionally sold property is a waiver of the seller's right to sue for the purchase price, and the burden is upon him to show the contrary, as that he retook the property with the buyer's consent, to sell it and apply the proceeds on the purchase price.

4. Sales ⬥⟿479(10)—Seller retaking property as bailee only does not change status by making use of the property.

Where conditional seller, with buyer's consent, retook the property to sell it and apply the proceeds on the purchase price, the fact that the seller used the property for a considerable period of time, without authority, while it made him liable to the buyer for the reasonable value of such use, did not change their relations as bailor and bailee, or the status of the property as a bailment.

Appeal from Circuit Court, Escambia County; E. S. Thigpen, Special Judge.

Bill by Fannie Jefferson against C. B. Sawyer for an accounting and cancellation of a mortgage. From a decree dismissing the bill, complainant appeals. Affirmed.

---

⬥⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

John M. Rabb, of Brewton, for appellant.

Having repossessed himself of the picture show outfit, and having applied the payments made to the rent, the obligation was satisfied, and the mortgage ought to be canceled. 141 Ala. 378, 37 South. 737 ; 18 Cyc. 803; Miller on Conditional Sales, 62. There was no bailment about it. 56 Ala. 166, 28 Am. Rep. 754.

Leon G. Brooks and H. C. Rankin, both of Brewton, for appellee.

There is no question of law involved, nor is there anything unusual in the proceedings or the contract. 141 Ala. 378, 37 South. 737; 24 R. C. L. 493; 15 Ala. App. 340, 73 South. 288. The court rendered the correct decree under the evidence.

SOMERVILLE, J. The bill of complaint is filed by Fannie Jefferson and seeks the cancellation of a mortgage on real estate executed by complainant and her husband to secure a part of the purchase price for a moving picture show outfit sold to them by respondent.

The bill shows that respondent, as vendor of said outfit, retained the title thereto, with the right to retake it, if the purchase money, due in monthly installments should not be paid as stipulated; and it is alleged that respondent did retake said property in accordance with the terms of the contract of sale, and that "the obligation of complainant and her husband was fully paid when the respondent repossessed the said property and applied the moneys paid to the rent of the property, as per agreement of purchase."

The answer admits the allegations of the complaint, but alleges that the property was retaken by respondent, not under the terms of the conditional sale, but under an agreement with complainant that he should take it and sell it, and credit the proceeds on the purchase price indebtedness.

[1, 2] There is no dispute as to the law of the case. "A vendor under a conditional sale, who asserts his right to repossess the property, by such action abandons his right to sue for the purchase price." Alexander v. Mobile Auto Co., 200 Ala. 586, 76 South. 944; Davis v. Millings, 141 Ala. 378, 37 South. 737. But, by subsequent contract or agreement, the parties may suspend the operation of that rule by authorizing a repossession for other purposes which are not inconsistent with the continuing liability of the vendee for the payment of the purchase price. Dillworth v. Holmes Fur. & Vehicle Co., 15 Ala. App. 340, 73 South. 288 (ninth headnote).

The issue presented by the pleadings is therefore one of fact, viz.: Was the property retaken by the vendor under an agreement with complainant that he should so retake it and sell it, and that the proceeds should be applied to the indebtedness? If so, he took and held it as bailee for complainant, and the debt was not thereby extinguished, and the mortgage in question still stands as a valid security for its payment; while the picture show outfit remained and still remains the property of complainant.

[3] Presumptively, of course, the retaking of the property by respondent was in the exercise of his rights under the contract of sale, and the burden is upon him to show the contrary. Complainant denies that she authorized or consented to the taking, or made any agreement that respondent should sell it and credit the proceeds on her indebtedness for the purchase price. Respondent, on the other hand, testifies that complainant did so authorize and agree. But it is clear from the testimony of complainant and her son that there was such an agreement, and that both parties understood that the outfit remained the property of complainant, and that the debt subsisted as an unpaid obligation, secured by the mortgage on the land. This is in entire accord with their conduct and declarations after the retaking by respondent.

[4] It is true that respondent made use of the property in his own business for a considerable period of time—a use which, as bailee, he was not authorized to make. This made him liable to complainant for the reasonable value of such use, but it did not change their relations as bailor and bailee, and did not change the status of the property as a bailment.

Under the evidence, we think that the trial court was justified in denying relief and dismissing the bill of complaint, and the decree appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.