(110 So. 39)

## COMMERCIAL CREDIT CO. v. TARWATER.
### (6 Div. 741.)

(Supreme Court of Alabama. Oct. 28, 1926.)

**1. Usury ⬅26.**

Purchase of note at discount beyond legal rate of interest does not constitute transaction "usurious."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Usury.]

**2. Usury ⬅26.**

Straight purchase or discount of commercial paper with an assignment without recourse is not affected by Code 1923, § 8568.

**3. Usury ⬅16.**

"Usury" can only attach to loan of money or to forbearance of debt.

**4. Usury ⬅32.**

Agreement fixing credit price of car, as distinguished from cash delivered price, is not usurious, though advance in price for credit was in excess of legal rate of interest on cash price.

**5. Usury ⬅32.**

Dealer may sell automobiles at cash or credit price, and bona fide purchase at credit price does not create a loan or forbearance of a debt to which usury may attach.

**6. Usury ⬅117.**

Evidence *held* to show that purchaser of automobile on credit understood he was paying an additional amount for receiving credit, and

hence contract was not invalid as containing usurious rate of interest on cash price of car.

**7. Usury ⬅32.**

Where original purchase of automobile on credit was valid, it is immaterial in defense of usury to suit on note for car that finance company solicited contracts from automobile dealers and furnished schedules for that purpose.

**8. Appeal and error ⬅1010(1).**

Where conclusion of Supreme Court rested on undisputed testimony, rule in favor of finding of facts by court trying case without jury has no application.

**9. Appeal and error ⬅1175(5).**

Judgment may be rendered by Supreme Court on reversing judgment of trial court, where amount due is not in dispute and cause was tried before court without jury.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action on a promissory note by the Commercial Credit Company against E. W. Tarwater. From a judgment for defendant, plaintiff appeals. Transfer from Court of Appeals under Code 1923, § 7326. Reversed and rendered.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellant.

There is no usury involved in selling a chattel on credit for a price more than 8 per cent. per annum higher than the price of the chattel for cash. Comm. Credit Co. v. Shelton, 139 Miss. 132, 104 So. 75; Dykes v. Bottoms, 101 Ala. 390, 13 So. 582; Davidson v. Davis, 59 Fla. 476, 52 So. 139, 28 L. R. A. (N. S.) 102, 20 Ann. Cas. 1130; First Nat. Bank v. Mann, 94 Tenn. 17, 27 S. W. 1015, 27 L. R. A. 565; 27 R. C. L. 214; 39 Cyc. 927; Churchill v. Turnage, 122 N. C. 426, 30 S. E. 122; Rushing v. Worsham, 102 Ga. 825, 30 S. E. 541; Code 1923, § 8563; Miller v. Graham, 196 Ala. 230, 72 So. 87. There is no usury involved in buying commercial paper at less than its ostensible value. 39 Cyc. 931, 932; King v. People's Bank, 127 Ala. 266, 28 So. 658; Orr v. Sparkman, 120 Ala. 9, 23 So. 829; Wildsmith v. Tracy, 80 Ala. 258; Hart v. Adler, 109 Ala. 467, 19 So. 894; Capital City Ins. Co. v. Quinn, 73 Ala. 558; Coast Fin. Corp. v. Powers Fur. Co., 105 Or. 339, 209 P. 614, 24 A. L. R. 855; People's Bank & Trust Co. v. Fenwick Sanitarium, 130 La. 723, 58 So. 523, 43 L. R. A. (N. S.) 211, Ann. Cas. 1913C, 1322; Hudson v. Repton Bank, 16 Ala. App. 101, 75 So. 695; Woodall v. People's Bank, 153 Ala. 576, 45 So. 194.

Curtis, Pennington & Pou, of Jasper, for appellee.

The judgment in this case has the effect of a jury verdict. Halle v. Brooks, 209 Ala. 486, 96 So. 341; Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; Hackett v. Cash,

---

196 Ala. 403, 72 So. 52. A banker, discounting paper at more than 8 per cent., forfeits all interest. Code 1923, § 8568. This statute applies to banking corporations. Youngblood v. Birmingham, T. & S. Co., 95 Ala. 521, 12 So. 579, 20 L. R. A. 58, 36 Am. St. Rep. 245. One who acquires commercial paper on a usurious consideration is not a bona fide holder. Hart v. Adler, 109 Ala. 467, 19 So. 894; Ginn v. Mortgage Co., 92 Ala. 135, 8 So. 388; Smith v. Lehman, 85 Ala. 394, 5 So. 204. It is not necessary that the note should have been given for a loan of money. Lewis v. Hickman, 200 Ala. 672, 77 So. 46. The contract itself shows the price; it cannot be varied by parol. Stallings v. Savage, 206 Ala. 486, 90 So. 904; Bozeman v. Colt, 19 Ala. App. 126, 95 So. 588. A vendor in a conditional sale contract, who asserts his rights to repossess property by such action, abandons his right to sue for the purchase money. Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944; Jefferson v. Sawyer, 206 Ala. 73, 89 So. 168; Mobile Towing Co. v. Hartwell, 208 Ala. 420, 95 So. 191.

GARDNER, J. Appellee, E. W. Tarwater, contracted to buy from the City Garage & Sales Company of Jasper, Ala., a Chevrolet touring car, the factory list price of which was $495 and the cash delivered price $600. He executed his negotiable note for $436 (representing balance due after cash payment of $218), payable in monthly installments over a period of one year, and in connection therewith a conditional sale agreement. In this latter agreement, the price of the car at the factory, and the cash delivered price as above noted, are set out in the following manner:

"List price, f. o. b. factory, $495, selling price, includ. frt. and war tax $600, with extra equipment, if any, plus service charge including interest, insurance and handling charges, bringing total cost to buyer to six hundred fifty four dollars ($654.00). The buyer has this day paid to the seller two hundred eighteen dollars ($218), and the buyer agrees to pay to the seller or order four hundred thirty six dollars ($436) balance in installments as follows:" etc.

The note and contract, bearing date May 14, 1924, were duly assigned without recourse by the payee to appellant, Commercial Credit Company of New Orleans, La., for value and before maturity, being purchased at a discount of $54—the Commercial Credit Company paying therefor the sum of $382 by honoring draft of the City Garage & Sales Company in that amount drawn on said credit company at New Orleans.

Tarwater being in default, the Commercial Credit Company brought this suit to recover the amount due on said note, whereupon it developed that Tarwater, on account of fraudulent representations as to the car, rescinded the purchase and declined to take the same or make the cash payment as agreed. As against the original payee it appears the defendant had a perfect defense to the action, but as to this plaintiff it is not pretended that it had any notice of any such defensive matter.

There are numerous pleas, replications, and rejoinders interposed, but, as we view the case, there is only one question of prime importance, and that is whether or not the transaction is one tainted with usury so as to preclude the plaintiff from protection as a bona fide purchaser of commercial paper for value and before maturity. Hart v. Adler, 109 Ala. 467, 19 So. 894. A detailed consideration therefore of the several assignments of error will be pretermitted, and attention directed to this single question.

[1] The mere fact that plaintiff purchased the note at a discount beyond the legal rate of interest does not constitute the transaction an usurious one.

"It is well settled with us, 'that commercial paper * * * may be bought and sold on the market like any other chattel, at its real or supposed value, and that the transfer of such paper at a discount beyond the legal rate of interest is not usurious, although the holder may indorse it, unless the transaction was a mere device to evade the statute against usury.'" King v. People's Bank, 127 Ala. 266, 28 So. 658.

This is the generally accepted rule. 27 R. C. L. 215; 39 Cyc. 931, 932.

[2] There is here no question of a loan or advancement by plaintiff to the City Garage & Sales Company (Commonwealth Commercial Co. Case, 278 Ill. 629, 116 N. E. 143, L. R. A. 1917E, p. 1110), but a straight purchase or discount of the commercial paper with an assignment thereof without recourse. Such a transaction is not affected by the provisions of section 8568 of the Code of 1923. Woodall v. People's Nat. Bank, 153 Ala. 576, 45 So. 194; Hudson v. Repton State Bank, 16 Ala. App. 101, 75 So. 695.

We must look therefore to the original transaction in the contract to purchase. It is insisted on the part of appellee that the sum of $54 added to the cash delivered price of the car constitutes the transaction an usurious one; that the plaintiff was not only aware of this fact, but aided therein by furnishing the blank form as well as the schedule of prices. This is the theory evidently adopted by the trial court. On the other hand, appellant insists that the added sum represented the credit price of the car as distinguished from its cash price, and that the sale was valid and free from any taint of usury.

[3] It is very well established that usury can only attach to a loan of money or to the forbearance of a debt. Davidson v. Davis, 59 Fla. 476, 52 So. 139, 28 L. R. A. (N. S.) 102, 20 Ann. Cas. 1130; Miller v. Graham, 196 Ala. 230, 72 So. 87; Wildsmith v. Tracy, 80 Ala. 258; Woolsey v. Jones, 84 Ala. 88, 4 So. 190; Lewis v. Hickman, 200 Ala. 672, 77 So. 46; 39 Cyc. 925.

[4] If in fact the sum of $654 represented the credit price of the car, as distinguished from its cash delivered price of $600, the transaction is not usurious, as the parties had a perfect right to agree upon such a purchase though the advanced price should be in excess of the legal rate of interest upon the cash price. This principle is well recognized by the authorities. It is stated in the text to 27 R. C. L. 214, in the following language:

"On principle and authority, the owner of property, whether real or personal, has a perfect right to name the price on which he is willing to sell, and to refuse to accede to any other. He may offer to sell at a designated price for cash or at a much higher price on credit, and a credit sale will not constitute usury however great the difference between the two prices, unless the buying and selling was a mere pretense."

And, in 39 Cyc. 927, the following:

"A vendor may well fix upon his property one price for cash and another for credit, and the mere fact that the credit price exceeds the cash price by a greater percentage than is permitted by the usury laws is a matter of concern to the parties but not to the courts, barring evidence of bad faith. If the parties have acted in good faith such a transaction is not a loan and is not usurious."

The case of Davidson v. Davis, 59 Fla. 476, 52 So. 139, 28 L. R. A. (N. S.) 102, 20 Ann. Cas. 1130, is to like effect, and many authorities are cited in the note thereto in support of such general rule.

This principle was given recognition by this court in Dykes v. Bottoms, 101 Ala. 390, 13 So. 582, involving the sale of real estate. There, the purchaser had first contracted for a cash price, and placed in possession, but was unable to consummate the sale. A credit price was then agreed upon, which was 15 per cent. more than the originally agreed cash price. The court said:

"This was not usury. Respondent owed no debt for the forbearance of which 15 per cent. additional was charged, and the debt thus contracted was not a loan of money. There was a sale of land, the vendor willing to sell for so much at a cash valuation, or for so much on a credit, placing the difference between the cash and credit price at 15 per cent."

This authority is cited with approval in Hickman's Case, supra. See, also, Baker v. Orr, 169 Ala. 665, 53 So. 1006.

[5] So here the transaction did not originate in an application for a loan, but a bona fide purchase of an automobile. There was no indebtedness and no feature of a loan or forbearance of a debt. The dealer had the perfect legal right to dispose of the property on such terms as agreed upon, one price for cash and another price if sold on credit.

[6] The testimony for the plaintiff was to the effect that the sum of $54, at which it discounted the note, represented the difference between the cash and credit price of the car. The representative of the City Garage & Sales Company, who made and managed the transaction with defendant, did not testify, having absconded; but we think the testimony of the defendant himself is persuasive to the effect that he understood the difference between the cash and credit price, and that he was paying more for the car on account of accepting the benefit of time monthly payments, and not paying an usurious rate of interest on the cash delivered price, though he gave little attention to the exact difference between the two. The following excerpts from his testimony will suffice, we think, to demonstrate the correctness of this conclusion:

"I discussed with him the making of a credit and cash payment and payments so much monthly. I did not read one of the contracts. I do not remember that he told me that the cash selling price was $600, but if I wanted to buy it on credit, it was $654, and that the $54 was the carrying charges on the credit price. I knew that I was buying the car on credit and not for cash. I know that when they sell for cash they are cheaper than on credit.

"As to whether or not if I had bought this car and paid cash for it I would expect to get it less than paying it out on the installment, I say that is the usual rule, and I understood that. Where they sold for cash it was cheaper than where they sold on credit, and I understood at the time the note and contract were signed that I was getting the benefit of the credit price by paying it out at so much per month. I may have known the cash selling price of that car or a car of that make at that time. I do not remember whether Mr. Wood stated anything to me about the cash price of the car—that is, if I wanted to pay cash for it. He may have told me the difference between cash and credit price, but in signing the contract and note I understood that I was paying more on the credit system. * * *

"I did not have any agreement with Mr. Woods of the City Garage & Sales Company for them to loan me this money. I made no borrow. The question of loaning me any money to pay for the car was not part of the transaction by anybody. The only question discussed, I was to buy the car and get it on credit, and on such terms I was to finish paying for the car and get it on credit, and on such terms I was to finish paying for the car with monthly payments. * * * In answer to the question, 'You also understood that when you bought on a credit they added carrying charges?' I say, I knew that it was more; I didn't know the exact amount; I knew and understood it was inserted in the note that I signed."

Upon recross-examination the witness testified further as follows:

"I knew that the price was greater on credit than for cash."

The contract shows the "total cost to buyer" to be $654, and that the difference in this price and the cash delivered price is composed of interest, service, and handling charges and insurance. True, the interest and insurance cost falls far short of the advanced or credit price, but there are elements of risk,

trouble, and expense incident to such transactions, which are to be taken into account (Lewis v. Hickman, supra), but of whatever items it may be composed, if in fact the sum agreed upon represents in good faith the credit price of the car as understood by the parties, the transaction is free from any taint of usury.

[7] Upon a careful consideration of the record, the conclusion is irresistible to our minds from the undisputed testimony that the sum of $654 represented the credit price of the car as understood between the parties, and the transaction a valid one. The original transaction being entirely valid, it is immaterial that plaintiff solicited this character of business from the automobile dealers and furnished schedules for that purpose and blank forms. All of this would be of importance only in the event the original transaction should be held invalid. 27 R. C. L. 216, 217.

The case of Commercial Credit Co. v. Shelton, 139 Miss. 132, 104 So. 75, from the Mississippi Supreme Court, is directly in point, and sustains the conclusion here reached. While there are some differences in detail of evidence, yet in substance and effect the two cases are analogous, and in principle are not to be differentiated.

Counsel for appellee insist that the judgment rendered may well be sustained upon the theory that the proof fully sustains the pleas to the effect that the contract retained the title to the car in the seller, and that plaintiff as assignee had taken possession of the car, and thus elected that remedy and abandoned the right to sue for the purchase price. Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944; Jefferson v. Sawyer, 206 Ala. 73, 89 So. 168.

We are persuaded the ruling of the trial court was rested upon the question of usury, above discussed, and not upon a consideration as to proof of these pleas, or, if otherwise, that the ruling was erroneous. Plaintiff's evidence is direct and positive that this car was never in its possession. Defendant states he did not deliver the car to plaintiff or any one else. The contention seems to be rested upon the fact the motor number of the car is found in the receipt given by plaintiff's representative to defendant's brother in concluding the transaction with the latter, who had purchased three cars from the same dealer. We think it clear, however, that defendant's brother had these three cars in his possession at the time of defendant's purchase, and that the motor number found place in the receipt through error of the representative of plaintiff, who had at the time quite a number of contracts in his possession.

[8] As the conclusion reached is rested upon a consideration of the undisputed evidence, the rule sought to be invoked by defendant in favor of the finding of facts by the court trying the case without a jury is without application.

[9] It results as our conclusion that the trial court was in error in rendering judgment for defendant, and that plaintiff was entitled to recover. There being no question as to the amount due, and the cause having been tried before the court without a jury, the judgment rendered will be reversed and one here rendered for the plaintiff.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.