## THE CONNECTICUT CREDIT CORPORATION
### vs.
## BEN MARASCO

Court of Common Pleas   Fairfield County   File #37532

Present:   Hon. SAMUEL MELLITZ, Judge.

Frederick E. Morgan;
Charles Hopwood,          Attorneys for the Plaintiff

Howard L. Shaff;
Keogh & Candee,          Attorneys for the Defendant

**MEMORANDUM FILED DECEMBER 22, 1937.**

MELLITZ, J. This action is brought to recover the balance of the purchase price of a Dodge automobile alleged to be owing under the terms of a Conditional Bill of Sale, after the repossession and resale of the automobile by the plaintiff.

The contract was entered into on April 29, 1932, and required payment by the defendant of fifteen monthly installments of $35.71 each, and provided further that if the purchaser failed to pay any installment the seller cold take possession of the car, in which event,

"Said car may be retained by seller in cancellation of the purchaser's obligations under this contract and the note given in connection therewith and any and all amounts theretofore paid hereon shall be considered as compensation for the use of said car; but the right of resuming possession of such property shall not prevent the seller from bringing suit for the balance owing on the said note after deducting the reasonable value of the said car at the time of repossession or the proceeds of the sale of said car, less liens, storage and reasonable attorney's fees paid or incurred by the seller."

The first installment of $35.71 became due on May 29, 1932 and was not paid by the defendant, whereupon on June 1, 1932, the plaintiff took possession of the car. On August 3,

1933, or fourteen months after the date of repossession, the plaintiff sold the car, receiving $157.50 in cash and a second hand Buick car. No evidence has been introduced as to the value of the Buick car so taken in exchange. On August 14, 1933 the plaintiff sold the Buick, receiving $12 in cash and a Whippet car, which the plaintiff sold on December 7, 1933 for $15 in cash and a Buick car; and on August 22, 1934 the plaintiff sold the Buick for $8. The total sum of $192.50 was realized from the sales of these various cars and treated by the plaintiff as being the proceeds derived from the resale of the Dodge car originally repossessed from the defendant, and the plaintiff now seeks to recover the difference between the amounts realized from these various sales and the unpaid balance of the purchase price, less certain credits for sums which, although not paid by the defendant, were credited to his account.

In lieu of its right to maintain an action for the unpaid balance of the purchase price, upon default by the defendant, the plaintiff had a right to elect to rescind the contract, repossess the car and retain it in cancellation of the defendant's obligations under the contract, or the plaintiff could repossess and look to the defendant for any deficiency. If the plaintiff elected to retain the car in cancellation of the defendant's obligations, its right to collect any unpaid balance of the purchase price was at an end.

**Crompton vs. Beach, 62 Conn., 25.**

A seller's exercise of his right to reclaim the goods is generally held an election to rescind the contract.

**Williston on Sales (2nd Ed.) Sec. 579, P. 1422.**

There is much in the evidence to warrant a conclusion that when the plaintiff repossessed the car, it elected to retain it in full satisfaction of the unpaid balance. The fact that the plaintiff sent no communication of any kind to the defendant until more than two years after the date of repossession to apprise him that it intended to look to him for a deficiency, the credits placed to the defendant's account for sums not actually paid by the defendant, the course of dealing with relation to the repossessed car, and the method of handling the defendant's account on its books, are more indicative of an intent to rescind than to repossess and look to the defendant for a deficiency.

See Ahlers vs. Jones (Minn.) 259 N.W. 397; Jefferson vs. Sawyer 206 Ala. 73; Singer vs. Millard, 171 Wis. 637, 639.

However if it be assumed that the repossession of the car did not operate as a rescission, the repossession precluded a recovery by the plaintiff of any balance due on the purchase price, except insofar as the express provisions of the contract entitled it to sue for the difference between the balance due and the reasonable value of the car at the time of repossession or the proceeds of a resale.

Zazzaro vs. Colonial Acceptance Corp., 117 Conn. 251, 256.

No evidence was introduced as to the value of the Dodge car at the time of its repossession by the plaintiff and the inquiry must therefore be whether the evidence relating to the resale of the car furnishes a legitimate basis for a recovery by the plaintiff.

The sale price of the car on April 29, 1932 was $650, on account of which the defendant paid $200 in cash, leaving a balance of $450, to which was added a financing charge of $85.65, making a total unpaid balance of $535.65 due from the defendant at the time of the repossession on June 1, 1932.

The repossession of the car by the plaintiff, a little over one month after the date of the original sale and within three days after the first installment was due, indicates the plaintiff lost no time in taking such action as it considered necessary to protect itself against loss. No such diligence is evident, however, in the plaintiff's consideration of the defendant's interests, for the process employed by the plaintiff in reselling the car, and which the plaintiff now endeavors to utilize in measuring the defendant's liability, was not begun until after the car was in the plaintiff's possession for fourteen months. If the plaintiff's theory is accepted, the proceeds derived from the resale of the car resulted from a resale which began fourteen months after the date of repossession and continued for another year until the last Buick taken in exchange was converted into cash twenty-six months after the date of repossession. It would be a strange theory which would justify subjecting a buyer to such a procedure as a method of measuring his liability to a seller for a deficiency.

The resale of the repossessed car must be held to have been effected on August 3, 1933, when the car was sold for the sum of $157.50 in cash and the Buick car taken in exchange;

and in the absence of evidence as to the value of the Buick, there is no proper basis in the evidence for a determination of the amount of the proceeds of the resale.

Moreover if the plaintiff, at the time of the repossession, was faced with a loss and desired to fix the defendant's liability for a deficiency by a resale of the car, it was the plaintiff's duty to make the resale within a reasonable time after the repossession.

Central Acceptance Corp. vs. Massey, 107 W. Va., 503.

The plaintiff explains its delay in making the resale by asserting that the market was flooded with used cars at the time. No effort, however, was made to sell the car at public sale, and although such a sale might have yielded a lesser sum than might have resulted from an advantageous private sale, there would have been avoided the very certain diminution in value resulting from an unreasonably long delay in the time of the resale.

"The law is satisfied with a fair sale made in good faith according to established business methods, with no attempt to take advantage of the vendee. . . . A public competitive sale by outcry to the highest bidder, duly advertised and made on notice to the vendee, is a safer method of measuring the damages than a sale by private negotiation."

Ackerman vs. Rubens, 167 N. Y., 405.

It may be observed too that in jurisdictions where the Uniform Conditional Sales Act has been enacted, a resale is required to be made at public sale and within thirty days after the date of repossession.

Uniform Laws, Vol. 2, Section 19.

The only conclusion which seems warranted by the evidence is that there is no proper basis before the Court for a determination of the amount of the proceeds of the resale, and that the resale was delayed for an unreasonable period of time and furnishes no just criterion for measuring the liability of the defendant for a deficiency under the terms of the contract. This conclusion must necessarily result in a judgment for the defendant, a result which would also inevitably follow were there a finding that the plaintiff rescinded the contract when it repossessed the automobile.

Judgment may enter for the defendant to recover costs.